UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALEXIA JOLLY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. |
| GREEN SQUARE COMPANY LLC, | ) ) ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, ALEXIA JOLLY ("Plaintiff"), through her attorney, William M. Kaludis, alleges the following against Defendant, GREEN SQUARE COMPANY LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

1

## PARTIES

5. Plaintiff is a natural person residing in La Vergne, Rutherford County, Tennessee.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Defendant is a debt collector as that term is defined by the FDCPA.

8. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency with a principal place of business in Buffalo, Erie County, New York.

10. Defendant conducts business in the State of Tennessee.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect an alleged consumer debt from Plaintiff, originating with Easy Money.

18. The alleged debt owed arises from transactions for personal, family, and household purposes.

19. In or around January 2021, Defendant began calling Plaintiff on Plaintiff's telephone number at xxx-xxx-8316, in an attempt to collect the alleged debt.

20. In or around January 2021, Plaintiff answered Defendant's call and spoke with one of Defendant's collectors.

21. During the above-referenced conversation, Defendant's collector threatened to take legal action against Plaintiff.

22. Relying on Defendant's collector's empty threat, Plaintiff entered into a payment plan with Defendant and made at least three (3) payments to Defendant.

23. Since Defendant began calling Plaintiff, Defendant has left the following voicemail messages on Plaintiff's telephone:

    a. "This message is solely intended for Alexia Jolly. This is Christina Maddox contacting you in reference to the civil grievance filed against your name as well as your social. You provided our office with card information to secure voluntary out of court arrangements. However, your payment declined. To avoid any further proceedings for wage garnishment [inaudible 00:00:22] your attorney can reach us at 844-802-1310."

    b. "This message is solely intended for Alexia Jolly. This is Christina Maddox contacting you concerning the civil grievance filed against your name as well as your social ending in 6033. You provided to our office card information to secure voluntary out of court arrangement. Thus far, you paid 425.56 towards your balance. However, the last payment that you authorized in the amount of 106.52 came back insufficient funds incurring a $35 insufficient fee and is currently being investigated as an attempt to defraud our company. To avoid any further action from Second Place of Rutherford County, you or your representing counsel can reach our office at 844-802-1310 no later than 5:00 PM. Again, that's 844-802-1310. Good luck."

    c. "This message is intended solely for Alexia Jolly. My name is Samantha Collins. I'm giving you a call here in regards to a file that has been

  forwarded to me for final recommendation. At this point in time, I do need to go ahead and touch bases with you. If you can contact me directly at 844-291-6550. Again, that's 844-291-6550. This is a time-sensitive matter that does require your immediate attention. Thank you."

  d. "This message is solely intended for Alexia Jolly. This is Christina Maddox contacting you in reference to the civil grievance filed against your name as well as your social ending in 6033. You provided to our office card information to secure voluntary out of court arrangements, and you thus far you paid 106.52 towards your balance. However, the last payment you authorized of $45 declined. You stated that you ordered a new card and we were following up with you to see if you were in receipt of it at this current juncture. To prevent any further proceedings from taking place, the Rutherford County you or your representing counsel can reach our office at 844-802-1310. Again, that's 844-802-1310. Good luck."

  e. This message is solely intended for Alexia Jolly. This is Christina Maddox contacting you in reference to the civil grievance filed against your name as well as your social ending in 6033. You provided to our office your card information to secure voluntary out of court arrangements, and that's why you paid 106.52 towards your balance. The last payment you authorized of 106.52 came back and insufficient funds incurring a $35 insufficient fee and is currently being investigated as an attempt to defraud our company. To avoid any further action from Second Place in Rutherford County, you or your attorney can reach our office no later than 5:00 PM at 844-802-1310. Again, that's 844-802-1310. Goodbye."

24. The telephone numbers 844-802-1310 and 844-291-6550 belong to Defendant.

25. The above-referenced voicemail messages do not disclose the communication is from Green Square Company.

26. The above-referenced voicemail messages do not disclose the communication is from a debt collector.

27. Defendant is or should be familiar with the FDCPA.

28. Defendant knows or should know the FDCPA requires a debt collector to disclose the caller's identity when communicating with a consumer.

29. Defendant knows or should know the FDCPA requires a debt collector to disclose that the

4

communication is from a debt collector and that any information obtained will be used for that purpose.

30. To date, Defendant has not taken legal action against Plaintiff.

31. Defendant never intended to take legal action against Plaintiff.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

32. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d(6) of the FDCPA by placing a call to Plaintiff without meaningful disclosure of the caller's identity, when Defendant left voicemail messages on Plaintiff's telephone and did not disclose the communication is from Green Square Company;

    b. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

    c. Defendant violated § 1692e(4) of the FDCPA by representing that nonpayment of any debt will result in the garnishment of wages of any person unless such action is lawful and the debt collector intends to take such action, when Defendant threatened to garnish Plaintiff's wages and Defendant could not lawfully such action against Plaintiff;

    d. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken, when Defendant threatened to take legal action against Plaintiff and when Defendant threatened to garnish Plaintiff's wages, when Defendant did not intend to take such action

5

against Plaintiff;

e. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant falsely represented a lawsuit was filed against Plaintiff and when Defendant falsely represented that Plaintiff needed to retain an attorney to represent her;

f. Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Defendant left voicemail messages on Plaintiff's telephone and did not disclose that the communication is from a debt collector; and

g. Defendant violated § 1692(f)(1) of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, ALEXIA JOLLY, respectfully requests judgment be entered against Defendant, GREEN SQUARE COMPANY LLC, for the following:

33. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

34. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

35. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

October 13, 2021                By: /s/ William M. Kaludis
                                William M. Kaludis
                                BPR #17433
                                Shield Law Group
                                1230 2nd Ave. S.
                                Nashville, TN 37210
                                Tel: (615) 742-8020
                                Fax: (615) 255-6037
                                bill@shieldlawgroup.com

7