IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ALEXIA JOLLY, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Case No. 3:21-cv-00782 |
| v. | ) ) | Judge Eli J. Richardson |
| GREEN SQUARE COMPANY, LLC, | ) ) | Magistrate Judge Jeffery S. Frensley |
| Defendant. | ) ) | |

## ENTRY OF DEFAULT

Pending is Plaintiff's Application for Entry of Default against Defendant Green Square Company, LLC pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 10). For the following reasons, Plaintiff's Request is **GRANTED**.

Plaintiff filed its original complaint on October 13, 2021. (Doc. No. 1). Summons was issued as to Defendant in care of its registered agent for service of process, Peltran Law PLLC on October 13, 2021. (Doc. No. 6). On October 19, 2021, Plaintiff returned the Summons and Proof of Service declaration executed by process server, Derek Vasquez. (Doc. No. 8). Vasquez declares under penalty of perjury that he served the summons on the authorized representative of Defendant's registered agent on October 18, 2021. *Id.* On November 12, 2021, Plaintiff filed the pending Application. (Doc. No. 10).

Pursuant to Local Rule 55.01, motions for entry of default against legal entities under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying proof of service and the opposing party's failure to plead or otherwise defend. L.R. 55.01. In support of the Application, Plaintiff submits the Affidavit of William M. Kaludis. (Doc. No. 10-1). Kaludis states in his affidavit that Defendant was served on October 18,

1

2021, as evidenced by the Proof of Service declaration, and that Defendant has failed to plead or otherwise defend this action. (Doc. No. 10-1 at ¶¶ 8 and 11).

The Clerk finds that Plaintiff has met the requirements of Local Rule 55.01. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Accordingly, Plaintiff's Application for Entry of Default (Doc. No. 10) is **GRANTED.**

s/ Lynda M. Hill  
Lynda M. Hill  
Clerk of Court

2

Case 3:21-cv-00782   Document 11   Filed 11/30/21   Page 2 of 2 PageID #: 30